IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-02298-PAB-STV

SALENA RIVERA,

    Plaintiff,

v.

SUNBEAM PRODUCTS, INC.,

    Defendant.

_____

**ORDER**
_____

The matter before the Court is Plaintiff's Objection to Minute Order [Doc. 40] Pursuant to F.R.C.P. 72(a) [Docket No. 46].[1]

## I.    BACKGROUND

On September 8, 2023, plaintiff Selena Rivera filed suit against defendant Sunbeam Products, Inc. ("Sunbeam"). Docket No. 1. In her complaint, Ms. Rivera alleges that she suffered serious burn injuries when the lid of a Crock-Pot 6-Quart Express Crock Multi-Cooker, manufactured by Sunbeam, detached from the base while the multicooker was pressurized. *Id.* at 5, ¶ 16. From December 9, 2024 to December 13, 2024, the Court held a trial in *Perez v. Sunbeam Products, Inc.*, 21-cv-01915-PAB-KAS, in which the plaintiff, Georgina Perez, brought claims against Sunbeam and

---

[1] Plaintiff filed two versions of her objection. Docket Nos. 41, 46. Plaintiff's second version makes minor typographical corrections to the original objection. *Compare* Docket No. 41 *with* Docket No. 46. The Court will refer to plaintiff's corrected version of the objection.

Newell Brands, Inc. for similar injuries she sustained while using a multicooker manufactured by Sunbeam. *Perez*, 21-cv-01915-PAB-KAS, Docket Nos. 196–200. On February 6, 2025, Magistrate Judge Scott Varholak held a hearing to resolve several of the parties' discovery disputes in this case. Docket No. 40. One dispute was whether certain documents that were used as exhibits and admitted into evidence in the *Perez* trial remain confidential and subject to the protective order in this case. *See* Docket No. 42 at 6:14–19, 15:12–17:6.

During the hearing, Ms. Rivera explained that, although Sunbeam has produced some of the documents admitted into evidence in the *Perez* trial, Sunbeam has stamped these documents as "CONFIDENTIAL," *id* at 16:25–17:6, which indicates that the documents are subject to the protective order in this case. Ms. Rivera maintained that the *Perez* trial exhibits are no longer confidential because they were disclosed during a public trial. *Id.* at 15:12–17:6. She further asserted that Sunbeam cannot rely on the protective order in the *Perez* case to demonstrate that the documents remain confidential because the *Perez* protective order states that it does not govern the confidentiality of evidence produced at trial. *Id.* at 15:12–16:4. As such, she claimed that the *Perez* trial exhibits should be produced without the confidentiality stamp. *Id.* at 16:25–17:6. Sunbeam agreed that, if a document was filed publicly with the Court during the *Perez* case, it "would have lost its confidentiality." *Id.* at 20:10–11. However, Sunbeam claimed that, because the documents produced to Ms. Rivera were not filed with the Court, but were instead used as exhibits at trial, they remain confidential. *Id.* at 18:25–20:11.

2

At the hearing, Judge Varholak stated, "I'm not going to rule that simply because [a document] was used at trial it loses its confidentiality." *Id.* at 21:24–22:2.  He noted that juries are sometimes presented with sensitive information during trials, such as during patent or trademark disputes, but that the information can remain confidential. *Id.* at 22:5–9.  Judge Varholak held that

> [W]ith respect to the maintaining of the confidentiality stamp, with respect to any document that is in the public sphere that can be obtained by -- obtained through a search of any ECF database, either in the matter before Judge Brimmer or I understand there's other litigation across the country involving this.  If those documents are available through ECF, in other words they are public documents, the confidentiality has been destroyed, and I will permit Plaintiff's counsel to use those documents without the confidentiality protection.  If it's simply a document that was used as an exhibit to a jury that is not publicly available, I'm not going to find that the confidentiality has been destroyed on that.

*Id.* at 23:22–24:10.  The courtroom minutes from the hearing similarly state that the "Court finds that documents available to the public on the CMECF/PACER database are not considered to be confidential.  The Court permits Plaintiff[ ] to use those documents.  Documents produced during trial in other cases remain confidential."  Docket No. 40 at 2.

On February 19, 2025, Ms. Rivera filed an objection to Judge Varholak's determination that the exhibits in the *Perez* trial retained their confidentiality.[2]  Docket No. 41.  Sunbeam did not respond to Ms. Rivera's objection.

---

[2] At the hearing, Ms. Rivera mentioned documents available on the "Taylor docket in the Southern District of Indiana."  Docket No. 42 at 17:3–4.  The Court assumes that Ms. Rivera is referring to *Taylor v. Sunbeam Products, Inc.*, 21-cv-00090-SEB-MJD (S.D. Ind.).  However, in her objection, Ms. Rivera does not address *Taylor* or other litigation involving the Sunbeam multicooker.  Therefore, the Court will consider only whether the exhibits admitted into evidence in the *Perez* trial remain confidential.

## II. LEGAL STANDARD

The district court reviews a magistrate judge's order on a non-dispositive motion under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under this standard of review, a magistrate judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). The clearly erroneous standard requires a district court to affirm a magistrate judge's decision unless, "on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006). "Under the 'contrary to law' standard, the reviewing court sets aside the magistrate order only if it applied an incorrect standard or applied the appropriate legal standard incorrectly." *Swan Glob. Invs., LLC v. Young*, No. 18-cv-03124-CMA-NRN, 2019 WL 2171457, at *3 (D. Colo. May 17, 2019) (internal quotations, citations, and alterations omitted).

## III. ANALYSIS

Ms. Rivera argues that Judge Varholak's order is contrary to law. Docket No. 46 at 7. She maintains that, because the documents she has asked Sunbeam to produce without a confidentiality stamp were previously used as exhibits in the *Perez* trial, and because the trial was public, Sunbeam has waived the confidentiality of these documents. *See id.* at 2–7. The Court agrees.

First, the Court agrees with Ms. Rivera that the protective order in *Perez* does not cover exhibits used at trial. The protective order states that "[n]othing in this Protective

Order shall apply to trial." *Perez*, 21-cv-01915-PAB-KAS, Docket No. 31 at 5–6, ¶ 13. As such, the fact that the documents that were used as exhibits in the *Perez* trial were initially marked as confidential pursuant to the protective order is immaterial. Sunbeam cannot rely on the protective order in *Perez* to claim that the exhibits used at trial remain confidential.

Second, the documents are also outside the scope of the protective order in this case because the contents of these documents were disclosed during a public trial and are no longer confidential information. Generally, unless a party makes a preemptive or contemporaneous effort to restrict public access to exhibits used during a trial, the party waives the confidentiality of the exhibits. *See Littlejohn v. Bic Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) ("It is well established that the release of information in open court 'is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'") (quoting *Nat'l Polymer Prods. v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981)); *Coomer v. Lindell*, No. 22-cv-01129-NYW-SKC, 2023 WL 3774022, at *2 n.2 (D. Colo. June 2, 2023) (the "Protective Order contemplates that to the extent that 'any Confidential or Attorneys' Eyes Only Discovery Material is used in open court during any court proceeding or filed, marked, or offered as a trial exhibit, the material will lose its confidential status and become part of the public record, unless the Designating Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material.' In addition, to the extent that discovery uncovers evidence that confidential information was publicly shared, this Court may unrestrict such publicly available information." (citation omitted)); *Hunton v. Am. Zurich Ins. Co.*, 2018 WL 6329392, at *4

5

(D. Ariz. Dec. 4, 2018) ("Here, Plaintiff indicated in the parties' Joint Pretrial Statement that he intended to introduce documents designated by Defendant as confidential at trial.  Defendant did not object or seek to prevent these disclosures in open court, nor did it move to seal these documents once they were admitted.  Therefore, Defendant, as the party asserting confidentiality, did not take reasonable steps to protect the confidentiality of these exhibits at the time they were used in open court.  Because these documents already have been disclosed to the public during trial, the Court finds that they no longer are appropriately deemed confidential." (citation omitted)); *Rambus, Inc. v. Infineon Technologies AG,* 2005 WL 1081337, *3 (E.D. Va. May 6, 2005) ("[T]he previous public use effectively stripped the documents of any protection under the protection order."); *see also Brogdon v. Ford Motor Co.*, 2024 WL 84192, at *2 (M.D. Ga. Jan. 8, 2024); *Cleveland v. Ludwig Inst. for Cancer Rsch. Ltd.*, 2022 WL 395962, at *8 (S.D. Cal. Feb. 8, 2022); *Neogen Corp. v. Innovative Reprod. Tech., LLC*, 2022 WL 1518924, at *2 (S.D. Iowa Jan. 14, 2022); *Zenith Radio Corp. v. Matsushita Electric Ind. Co., Ltd.,* 529 F. Supp. 866, 898–99 (E.D. Pa. 1981).

As Judge Varholak explained at the hearing, "[t]here is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure."  *Gen. Steel Domestic Sales, LLC v. Chumley*, 129 F. Supp. 3d 1158, 1188–89 (D. Colo. 2015) (citing *United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997)).  Moreover, courts in this district have found that certain kinds of proprietary information used during trial can remain confidential when a party's interest sufficiently favors non-disclosure.  *See*, *e.g.*, *TRUSTID, Inc. v. Next Caller Inc.*, No. 19-cv-01187-

CMA-NYW, 2021 WL 5384499, at *5 (D. Colo. Nov. 18, 2021) (restricting public access to those portions of the trial transcript that "include discussions of TRUSTID's ROI tool, confidential pricing structure, and other financial data that TRUSTID has an interest in protecting in order to preserve its ability to compete in the marketplace").  However, nothing in the *Perez* case indicates that the exhibits admitted into evidence have been restricted from public access or contain the kind of information warranting such a restriction.  Therefore, although Judge Varholak is correct that it is not always true that "because [a document] was used at trial it loses its confidentiality," Docket No. 42 at 21:24–22:2, there is no indication that the *Perez* exhibits remain confidential.  Public disclosure, either through a public filing or through use in a public trial, can waive a document's confidentiality.  *See Littlejohn*, 851 F.2d at 680.

      At the hearing, Sunbeam produced no evidence that it had made an effort during the *Perez* trial to protect the confidential nature of any admitted exhibit.  In fact, because the Court presided over the *Perez* trial, the Court knows that Sunbeam did not do so. Furthermore, at the hearing, Sunbeam made no argument that the information disclosed in the *Perez* trial exhibits was the kind of information that weighs in favor of continued protection from public disclosure.  *See TRUSTID*, 2021 WL 5384499, at *5 (restricting public access to those portions of the trial transcript necessary to preserve plaintiff's ability to compete in the marketplace).  Finally, the information in the exhibits was not only disclosed to the jury, but was publicly discussed and displayed.  Because the public disclosure of these documents is presumed to have waived their confidentiality

and because Sunbeam has made no showing to the contrary, the exhibits admitted into evidence during the *Perez* trial are not confidential.[3]  *Littlejohn*, 851 F.2d at 680.

Ms. Rivera argues that Sunbeam "should be required to reproduce th[e] documents to Plaintiff in this case with no 'Confidential' stamps on those documents." Docket No. 46 at 7.  The protective order in this case states that "[i]nformation designated 'CONFIDENTIAL' shall be information that is confidential and implicates the privacy or business interests of the parties, including but not limited to: medical and personal financial information, private personnel information, trade secrets, and other proprietary business information."  Docket No. 26 at 2, ¶ 3.  Because the Court has found that the documents entered into evidence in the *Perez* trial are not confidential, the Court finds that they are outside the scope of the protective order and should not be labeled as "CONFIDENTIAL."  Therefore, the Court will order Sunbeam to produce copies of all admitted exhibits in the *Perez* trial without being stamped or designated "CONFIDENTIAL."

It is therefore

**ORDERED** that Plaintiff's Objection to Minute Order [Doc. 40] Pursuant to F.R.C.P. 72(a) [Docket No. 46] is **SUSTAINED**.  It is further

---

[3] Ms. Rivera argues that the "[d]ocuments admitted into evidence during the *Perez* trial have lost any claim of confidentiality that they may have merited prior to their admission into evidence in open court."  Docket No. 46 at 7.  It is unclear exactly which exhibits from the *Perez* trial Ms. Rivera asks to be produced.  It may be that some of these exhibits are only portions of larger documents.  Without more information, the Court will not address the issue of whether those portions of larger documents that were not admitted into evidence at the *Perez* trial remain confidential.

8

**ORDERED** that defendant Sunbeam Products, Inc. shall produce to plaintiff Selena Rivera copies of exhibits designated as "CONFIDENTIAL" that were admitted into evidence during the trial in *Perez v. Sunbeam Products, Inc.*, 21-cv-01915-PAB-KAS and shall do so without a "CONFIDENTIAL" marker.

DATED June 11, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge